59. In his letter to the SEC, Mr. Hill admitted the potential conflict of interest created by directed commissions saying "it was often difficult to determine whether a *broker was really offering best execution on trades*" (emphasis supplied)[11] to the potential harm of mutual fund shareholders.

60. According to Mr. Hill, commissions paid by Putnam to brokerage firms that took into account fund sales (directed sales) amounted to $76 million in 2001, $60 million in 2002 and $23 million in the first six months of 2003.

## DEMAND EXCUSED ALLEGATIONS

61. The Plaintiff has not made demand upon the trustees of the Trust or the directors of MMCI to bring an action against Putnam, the Individual Defendants or the Trustees, and other culpable parties to remedy such wrongdoing.

 (a) Demand is excused because no such demand is required for the Plaintiff to assert a federal claim under Section 36(b) of the Investment Company Act, 15 U.S.C. § 80a-35(b), for breach of fiduciary duty in connection with the compensation and other payments paid to Putnam.

 (b) Demand is also excused because the unlawful acts and practices alleged herein are not subject to the protection of any business judgment rule and could not be ratified, approved, or condoned by disinterested and informed directors under any circumstances.

 (c) Demand is also excused because the unlawful acts and practices alleged herein involve self-dealing on the part of the Defendants and its directors and officers, who manage and control the day-to-day affairs of the Trust and the Putnam Funds.

 (d) Demand is also excused because the Putnam Defendants and the Trustees have known for two years about the unlawful market timing and short-term trading and failure to

---

[11] *Id.*

18

supervise by the Individual Defendants and have taken no actions against them to recover the money that they earned from these unlawful practices.

(e) Demand is also excused because the Putnam Defendants and the Trustees have known for more than two years about the market timing by preferred shareholders Plan participants and did nothing to stop it until December 2003 and nothing to discipline the managers involved.

(f) Demand is also excused because the Putnam Defendants and the Trustee Defendants have known about the practice of directed commissions for years and have taken no actions to discipline the managers involved in the practices.

(g) Demand upon the Trustees is also excused because the Trustees of the Trust are all hand-picked by Putnam management, and thus owe their positions, salaries, retirement benefits, as well as their loyalties solely to Putnam management and lack sufficient independence to exercise business judgment.

## COUNT I

**Violation Of Section 36 Of The Investment Company Act Of 1940 And For Control Personal Liability Under The Investment Company Act
(Against the Putnam Defendants and the Trustee Defendants)**

62. Plaintiff incorporates by reference all paragraphs above.

63. Pursuant to Section 36 of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(b), the investment advisor of a mutual fund owes to the mutual fund and its shareholders a fiduciary duty with respect to its receipt of compensation for services or payments of any material nature, paid by the mutual fund or its shareholders to such investment advisor or any affiliated person.

64. Pursuant to Section 36(b) of the Investment Company Act, 15 U.S.C. § 80a-35(b), a civil action may be brought by a mutual fund shareholder against an investment advisor or any

19

affiliated person who has breached his or its fiduciary duty concerning such compensation or other payments.

65. As alleged above in this Complaint, each Putnam Defendant and each Trustee breached his or its fiduciary duty with respect to the receipt of compensation or other payments from the Putnam Funds or their shareholders.

66. By agreeing and/or conspiring with the Individual Defendants and the favored Plan participants to time the Putnam Funds as alleged in this Complaint to permit and/or encourage them to time the Putnam Funds, the Putnam Defendants placed their own self-interest in maximizing their compensation, income and other payments over the interest of the Putnam Funds and its shareholders.

67. By virtue of the foregoing, the Putnam Defendants and the Trustee Defendants have violated Section 36(b) of the Investment Company Act, 15 U.S.C. § 80a-35(b).

68. As a direct and proximate result of the defendants' wrongful conduct alleged in this Complaint, the assets and value (including the NAV) of the Putnam Funds have been reduced and diminished and the corporate assets of the Putnam Funds have been wasted and the Putnam Defendants and the Trustee Defendants are liable.

## COUNT II

### VIOLATION OF SECTION 206 OF THE INVESTMENT ADVISERS ACT OF 1940
(Against Putnam Management and the Individual Defendants)

69. Plaintiff incorporates by reference all paragraphs above.

70. This Count II is based on Section 215 of the Investment Advisors Act of 1940, 15 U.S.C. § 8b-15 ("IAA").

71. Putnam Management was the investment advisor to the Putnam Funds pursuant to the IAA and as such was a fiduciary under the IAA and held to the standards of behavior defined in Section 206 of the IAA.

72. Putnam Management and the Individual Defendants breached their fiduciary duties to the Putnam Funds by engaging in the acts described in this Complaint which were acts, practices and courses of business that were knowingly, deliberately and recklessly fraudulent, deceptive and manipulative and a breach of the fiduciary duties defined in Section 206 of the IAA.

73. Putnam Management is liable to the Putnam Funds and their shareholders as a direct participant in the wrongs alleged in this Count II. Putnam Management has and had authority and control over the Putnam Funds and the Individual Defendants and their operations including the ability to control the manipulative and illegal acts described in this Complaint.

74. As a direct and proximate result of said defendants' wrongful conduct as alleged in this Complaint, the assets and value (including NAV) of the Putnam Funds have been reduced and diminished and the corporate assets of the Putnam Funds have been wasted and Putnam Management and the Individual Defendants have collected illegal profits and fees.

## COUNT III

### VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5
(Against the Putnam Defendants and the Defendants Kamshad and Scott)

75. Plaintiff repeats and realleges all paragraphs above.

76. The Putnam Defendants and the Defendants Kamshad and Scott, together or individually, directly engaged in a common plan, scheme, and unlawful course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business and manipulative devices which operated as a fraud and deceit on the Putnam Funds. The purpose and effect of the scheme, plan, and unlawful course of conduct was, among other things, to deceive and harm the Plaintiff, the Putnam Funds and to cause the Putnam Funds to sell securities at artificially deflated values as described in the Complaint.

21

77. The Putnam Funds have suffered damages as a result of the wrongs herein alleged in an amount to be proved at trial.

78. By reason of the foregoing, said defendants have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder and are liable to the Putnam Funds for damages which they suffered in connection with the purchase or sale of securities in those funds.

## COUNT IV

### VIOLATION OF SECTION 20(a) OF THE EXCHANGE ACT
### (Against Putnam Investment Management, Inc., Putnam Management Trust, Putnam LLC, and Putnam Investments Trust)

79. Plaintiff repeats and realleges all paragraphs above.

80. Defendant Putnam Management, Inc., Putnam Management Trust, Putnam LLC and Putnam Investments Trust acted as controlling persons of the Putnam Management within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their ownership and active participation in and/or awareness of Putnam Management's day-to-day operations, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of Putnam Management with unlimited access to Putnam Management's records of transactions and had the ability to prevent Putnam Management from engaging in the schemes and artifices to defraud complained of in this Complaint.

81. Defendants Putnam Management, Inc., Putnam Management Trust, Putnam LLC and Putnam Investments Trust had direct and supervisory involvement over the day-to-day operations of Putnam Management and, therefore, are presumed to have had and did have the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

82. By virtue of its position as a controlling person, said defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of their

wrongful conduct, the Putnam Funds suffered damages in connection with the acts and practices alleged in this Complaint.

## COUNT V

### VIOLATION OF SECTION 20(a) OF THE EXCHANGE ACT
### (Against MMCI)

83.  Plaintiff repeats and realleges all paragraphs above.

84.  MMCI acted as a controlling person of the Putnam Defendants within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of its ownership and participation in and/or awareness of Putnam's day-to-day operations, MMCI had the power to influence and control and did influence and control, directly or indirectly, the decision-making of Putnam. MMCI had unlimited access to Putnam's records of transactions and had the ability to prevent Putnam Management from engaging in the schemes and artifices to defraud complained of in this Complaint.

85.  MMCI had direct and supervisory involvement over the day-to-day operations of Putnam and, therefore, is presumed to have had and did have the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

86.  By virtue of its position as a controlling person, MMCI is liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of their wrongful conduct, the Putnam Funds suffered damages in connection with the acts and practices alleged in this Complaint.

## COUNT VI

### Common Law Breach Of Fiduciary Duty
### (Against the Putnam Defendants, Individual Defendants and the Trustee Defendants)

87.  Plaintiffs incorporates by reference all of the paragraphs above.

88. The Putnam Defendants and the Trustee Defendants and each of them owed to the Putnam Funds and their shareholders, the duty to exercise due care and diligence, honesty and loyalty in the management and administration of the affairs of each Putnam Fund and in the use and preservation of its property and assets, and owed the duty of full and candid disclosure of all material facts thereto. Further, said defendants owed a duty to the Putnam Funds and their shareholders not to waste the funds' corporate assets and not to place their own personal self-interest above the best interest of the funds and their shareholders.

89. To discharge those duties, the Putnam Defendants and the Trustee Defendants were required to exercise prudent supervision over the management, policies, practices, controls, and financial and corporate affairs of the Putnam Funds.

90. As alleged above, each of said defendants breached his or its fiduciary duty by receiving excessive compensation or payments in connection with the Individual Defendants' timing scheme and other manipulative schemes as alleged in this Complaint.

91. As alleged above, each of said defendants also breached his or its fiduciary duty to preserve and not to waste the assets of the Putnam Funds by permitting or incurring excess charges and expenses to the funds in connection with the Individual Defendants' timing scheme and other manipulated devices as alleged in this Complaint.

### COUNT VII

### AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
### (Against MMCI)

92. Plaintiff repeats and realleges all paragraphs above.

93. MMCI knew of the existence of the fiduciary duty between the Putnam Defendants and the Trustee Defendants and the Putnam Funds and knew the extent of that duty. MMCI knew of the acts of late trading and timing made by them on the Putnam Funds and knew that these acts and manipulative devices were a breach of the fiduciary duties the Putnam

24

Defendants and the Trustee Defendants owed to the Putnam Funds. MMCI maliciously, without justification and through unlawful means, aided and abetted and conspired with the Putnam Defendants and the Trustee Defendants in breaching their fiduciary duties and provided substantial assistance and encouragement to the Putnam Defendants and the Trustee Defendants in violating their fiduciary duties in the manner and by the actions described in this Complaint.

94. MMCI is jointly and severally liable with Defendants to the Putnam Funds for damages proximately caused by their aiding and abetting as alleged herein.

95. As a direct and proximate result of MMCI's wrongful conduct, the assets and value (including the NAV) of the Funds has been reduced and diminished and the corporate assets of the Funds have been wasted.

## COUNT VIII

### CIVIL CONSPIRACY
### (Against the Putnam Defendants, Individual Defendants, the Trustee Defendants and MMCI)

96. Plaintiff repeats and realleges all paragraphs above.

97. The Putnam Defendants, the Trustee Defendants and MMCI entered into an agreement or agreements or combinations between and among each other to accomplish by common plan the illegal acts described in this Complaint and by their actions demonstrated the existence of such agreements and combinations. The Putnam Defendants, the Trustee Defendants and MMCI by their actions have manifested actual knowledge that a tortious or illegal act or acts was planned and their intention to aid in such act or acts.

98. The Putnam Defendants, the Trustee Defendants and MMCI maliciously and intentionally conspired, combined and agreed between and among one another to commit one or more of the unlawful acts alleged in this Complaint or to commit acts by unlawful means causing injury to Plaintiff and the Putnam Funds and proximately causing injury and damages to the Plaintiff and the Putnam Funds for which they are jointly and severally liable.

99. The Putnam Funds have suffered damages as a result of the wrongs and the conspiracy to commit such wrongs as alleged in the Complaint in an amount to be proved at trial.

**WHEREFORE**, Plaintiff prays for judgment as follows:

A. Removing the current Trustees of the Putnam Funds and replacing them with independent Trustees selected and elected with Court supervision,

B. Rescinding the management contracts for the Putnam Funds and replacing the manager,

C. Ordering Defendants to disgorge all profits earned on unlawful trading and all management fees earned during the period of such trading,

D. Awarding monetary damages against all of the Defendants, jointly and severally, in favor of the Putnam Funds, for all losses and damages suffered as a result of the wrongdoings alleged in this Complaint, including punitive damages where appropriate, together with interest thereon,

E. Awarding Plaintiff the fees and expenses incurred in this action, including reasonable allowance of fees for Plaintiff' attorneys, and experts,

F. Granting Plaintiff such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: Boston, Massachusetts
   January 28, 2004

**DEUTSCH WILLIAMS BROOKS**
**DERENSIS & HOLLAND, P.C.**

By: _____
   Steven J. Brooks
   Robert D. Hillman
   99 Summer Street
   Boston, MA 02110
   (617) 951-2300
   rhillman@dwboston.com

Counsel:
Nicholas E. Chimicles
James R. Malone, Jr.
Denise Davis Schwartzman
Timothy N. Mathews
361 West Lancaster Avenue
Haverford, PA 19041
(610) 642-8500

27

## VERIFICATION OF PLAINTIFF

Simon J. Denenberg, Trustee of the Sarah L. Ross Trust, the plaintiff in the above styled action declares:

As Trustee of the Sarah L. Ross Trust, I purchased shares of Putnam U.S. Government Income Trust and continue to hold such shares. I reviewed the Complaint and authorized counsel to file the Complaint. This action is not collusive to confer jurisdiction on the United States which it would not otherwise have.

I declare the above to be true under the penalty of perjury.

Dated: Jan 26, 2004

_____
Simon J. Denenberg

# Prospectuses and Fund reports
by Alphabet

Prospectuses and shareholder reports for Putnam Funds are available in electronic format here. You can read them online, using a supported browser and the Adobe Acrobat™ Reader Plug-In. You can also download them and read them offline, using Adobe Acrobat Reader™ software.

Click on the alphabet below to locate Fund names.
Click "Prospectus" to view or download a Fund's prospectus.
Click the month listed under "Semiannual Report" to view or download the Fund's most recent semiannual, or the month listed under "Annual Report" to view or download the most recent annual report.

[A] [B] [C] [D] [E] [F] [G] [H] [I] [J] [K] [L] [M] [N] [O] [P] [Q] [R] [S] [T] [U] [V] [W] [X] [Y] [Z]

| FUND NAME | PROSPECTUS | SEMI ANNUAL REPORT | ANNUAL REPORT |
|---|---|---|---|
| American Government Income Fund | Prospectus | March | September |
| Arizona Tax Exempt Income Fund | Prospectus | November | May |
| Asset Allocation: Balanced Portfolio | Prospectus | March | September |
| Asset Allocation: Conservative Portfolio | Prospectus | March | September |
| Asset Allocation: Growth Portfolio | Prospectus | March | September |
| California Tax Exempt Income Fund | Prospectus | March | September |
| California Tax Exempt Money Market Fund | Prospectus | March | September |
| Capital Appreciation Fund | Prospectus | November | May |
| Capital Opportunities Fund | Prospectus | October | April |
| Classic Equity Fund | Prospectus | May | November |
| Convertible Income-Growth Trust | Prospectus | April | October |
| Diversified Income Trust | Prospectus | March | September |
| Discovery Growth Fund | Prospectus | June | December |
| Equity Income Fund | Prospectus | May | November |
| Europe Equity Fund | Prospectus | December | June |
| Florida Tax Exempt Income Fund | Prospectus | November | May |
| Fund for Growth and Income | Prospectus | April | October |
| George Putnam Fund of Boston | Prospectus | January | July |